In Re THOMAS J. SINNOTT and Others, Owners of Parcel 69.

In Re SARAH GATER, Owner of Parcel 177.

In Re CHARLES H. S. BULKLEY, Owner of Parcel 196.

In Re ISAAC O. HORTON, Owner of Parcel 197.

In Re JOHN ENGLIS, Owner of Parcel 198.

In Re JOHN ENGLIS, Owner of Parcel 199.

*Report of commissioners of appraisal — review thereof by the Special and General*
*Terms — when properly set aside — Code of Civil Procedure, §§ 3370, 3371.*

The purpose of section 3370 of the Code of Civil Procedure is that a landowner
should have the benefit of the exchange of views and the comparison of ideas,
which would come from a consultation together of all the commissioners of
appraisal appointed to take his real estate against his will, and although it
might be that the result would not have been different if such consultation
had taken place, the failure to comply with such provisions of the statute is an
objection of sufficient weight to justify the setting aside of the report of the
commissioners of appraisal and the directing of a new appraisal.

Section 3371 of the Code of Civil Procedure expressly confers the power upon
the Special Term of the Supreme Court to set aside the report of commission-
ers of appraisal in condemnation proceedings for irregularity, error of law, or
upon the ground that the award is excessive or insufficient, and the award
should be reviewed at Special and General Terms upon the facts as well as
upon the law.

APPEAL by the petitioner, The Brooklyn Elevated Railroad Com-
pany, from four orders of the Supreme Court, made at the Kings
County Special Term and entered in the office of the clerk of the
county of Kings on the 5th day of March, 1894, setting aside the
report of the commissioners of appraisal as to parcels 69, 177, 196,
197, 198 and 199, respectively, and as resettled and amended by four
orders entered in said clerk's office on the 12th day of March, 1894,
and also from said four orders of the Supreme Court, made at the
Kings County Special Term and entered in the office of the clerk of
the county of Kings on the 12th day of March, 1894, denying the

petitioner's motion to resettle said orders entered on March 5, 1894, and modifying the same.

*W. N. Cohen,* for the appellant.

*Francis Rusel Whitney,* for the respondents.

*Thomas H. Troy,* guardian *ad litem,* for Sinnotts, infants.

BROWN, P. J.:

The misconduct of one of the commissioners in these proceedings was of so gross a character that the reports should not be confirmed, unless the landowners have waived all objections thereto.

One of the commissioners was absent from every hearing, frequently two were absent, and very much of the testimony was given before a single commissioner.

Two reports were made. The one made by Commissioner Huber states that he had viewed the premises described in the petition, and had been informed and believed that his co-commissioners had heard the proofs and allegations of the parties, and that the testimony had been reduced to writing. That he had been furnished with a copy of said testimony, which was stated to be correct. That he had carefully read the same, and had determined the compensation which ought justly to be made to the owner. The compensation awarded in each case was six cents. But in the Sinnott case no award was made by either report to the infant Charles P. Sinnott, and Commissioner Huber omitted also to make any to the infant John F. Sinnott.

A trial conducted as these were is a farce, and the misconduct of the commissioners deprived the reports of that respect which is always due to the determination of a judicial tribunal. But it is said that the property owners consented that the testimony should be taken and the hearing proceed on each occasion in the absence of one and sometimes of two commissioners, and such is the record so far as the adult owners are concerned. Notwithstanding such consent, we are of the opinion that the orders appealed from should be sustained, unless the awards have the support of the decided weight of the evidence.

A litigant ought not to be placed in the position where he is required to proceed with the trial in the absence of the judge.

There is a sort of moral coercion in the suggestion that he do so which is opposed to our sense of justice. And gentlemen who are appointed to such responsible positions as commissioners to appraise the value of property taken by the State against the will of the owner should devote to the trials the time and attention necessary to a fair and just consideration of the case or else resign. Commissioner Huber violated nearly every duty imposed upon him by statute, and evidently misunderstood the character of the position he held, and if his failure to attend the hearings had been called to the attention of the court, there is no doubt that he would have been promptly removed.

The guardian *ad litem*, however, did not consent, and if he had the question whether the award should stand as to the infants, would depend upon what was for the best interests of their estate and not on what the guardian had agreed to. And in the case of John and Charles Sinnott, we should hesitate in any event to deny to them the right to be upon an equality with their co-owners and enjoy the award of six cents which the commissioners denied to them alone of all the owners.

But in relation to the adult owners there is one objection to the award which they have not waived.

The statute requires that, after the testimony in each case is closed, the commissioners, or a majority of them, " all being present," shall, without unnecessary delay, ascertain and determine the compensation to be awarded to the owners, etc. (Code Civ. Proc. § 3370.)

This requirement was not complied with. Commissioner Huber made a separate report in which he stated that he was not present at any of the meetings.

The report signed by the other two commissioners states that after the testimony was closed they determined the compensation to be made to the owners, and made use of the expression " we all being present." It is apparent, however, from the context of the report, that this expression referred only to the two commissioners who signed it.

The purpose of the statute was that the landowner should have the benefit of the exchange of views and the comparison of ideas which would come from a consultation together of all the commis-

sioners. This has been denied them in these cases, and, while I do not think the result would have been different if such a consultation had taken place, the failure to comply with the command of the statute is an objection of sufficient weight to support the orders appealed from. The learned counsel for the appellant contends that the reports of commissioners in proceedings of this character should be set aside only for gross and palpable errors of law. If such be the rule, I think I have pointed out sufficient grounds for its application in the cases before the court.

But such is not the rule under the present Condemnation Law. Section 3371 of the Code of Civil Procedure expressly confers the power upon the Special Term to set aside the report for "irregularity, or for error of law in the proceedings before the commissioners, or upon the ground that the award is excessive or insufficient."

The rule which requires the testimony to be reduced to writing and attached to the report, and the power given to the Special Term to set aside the awards when excessive or insufficient, and the right of appeal which each party has upon a case made as in civil actions, all import that the intention of the Legislature was that the award should be reviewed at Special and General Term upon the facts as well as upon the law. We, therefore, come to the question whether the awards before us have the support of the weight of the testimony. As we have determined that there must be a new trial upon which the evidence before us may be reproduced, an extended discussion thereof would not be proper. As is usual, the expert witnesses who testified as to the effect of the railroad upon the value of the property, did not agree; and, assuming that the commissioners adopted the views of the witnesses called by the railroad company, their award cannot be said to be without some evidence to support it. But a pre-eminent fact in all the cases is that the rents of the property have decreased since the construction of the road, and this fact is not satisfactorily explained by those witnesses who think that the property has during the same period increased in value.

It is sufficient to say that the testimony is of such character that it would have permitted a different result, and it does not clearly preponderate in favor of the award.

Taken in connection with the fact that there has not been a fair trial, and no just or proper consideration of the case by the com-

missioners, the reports were properly set aside and a new appraisal ordered.

The orders appealed from should be affirmed.

DYKMAN and CULLEN, JJ., concurred.

Orders affirmed, with costs.