(11 App. Div. 65.)

In re GILROY, Commissioner of Public Works.

(Supreme Court, Appellate Division, Second Department. December 22, 1896.)

1. REMOVAL OF OFFICERS—NONPERFORMANCE OF DUTY.
    Commissioners of appraisal appointed by the supreme court as a jury of three, to ascertain what compensation should be made for land taken for public use (Const. art. 1, § 7), cannot be removed on the ground that they are guilty of unnecessary delay in deciding the case submitted to them, where it appears that the delay was caused by the election and qualification of one of the commissioners as a justice of the supreme court, and there is no testimony that the. remaining commissioners willfully neglected to have the vacancy filled.

2. OFFICERS—DISQUALIFICATION—OFFICE OF PUBLIC TRUST.
    A commissioner of appraisal appointed to ascertain the value of land taken for public use is a public officer, within Const. art. 6, § 10, forbidding a justice of the supreme court to hold any other office of public trust.

Appeal from special term, Kings county.

Application by Thomas F. Gilroy, as commissioner of public works. for the appointment of commissioners of appraisal for lands of Cornell Dam. From an order removing Frederick Shonnard from

the position of commissioner of appraisal in the above-entitled matter, he appeals.    Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Roger Foster, for appellant.

Francis M. Scott, for respondent.

PER CURIAM. The appellant was appointed, in this proceeding, a commissioner of appraisal by an order of the supreme court dated March 7, 1894, and took the oath of office, and entered upon the discharge of his duties as such commissioner on March 17, 1894.    His co-commissioners were Hon. Martin J. Keogh and James W. Boyle.    At the general election held in November, 1895, Mr. Keogh was elected to the office of justice of the supreme court, and entered upon the discharge of the duties of his office on January 1, 1896.    The order appealed from recites that the appellant and his colleague, Mr. Boyle, were removed from office on the ground that they were guilty of unnecessary and unwarranted delay in the discharge of their duties, and that such delay had caused financial loss to the city, as well as an inconvenience and loss to the parties whose lands were taken.    By reference to the affidavit of the corporation counsel and the opinion of the learned judge who heard the case at special term, it appears that the delay of which the said commissioners were accused was a delay in deciding the case submitted to them, and in making the report required of them by the statute.    The charge made in the moving affidavit is that the entire matter was submitted to the appellant and Mr. Boyle, as such commissioners, on January 1, 1896, and that they had not at the date of the affidavit made any report, and that, by reason of the failure to make such report, the city had lost, and was still losing, $1,000 each month, and interest, in addition to the expenses of the commission.

We are of the opinion that Mr. Keogh, by reason of his election to the office of justice of the supreme court, was disqualified from acting as a commissioner in this proceeding after January 1, 1896. The constitutional provision applicable to him is that contained in article 6, § 10, which forbids a justice of the supreme court from holding any other office or public trust.    The position of a commissioner of appraisal in this proceeding was clearly a public trust, and, from the time of entering upon his office as a justice of this court, Judge Keogh was disqualified from acting as a commissioner, and there was, necessarily, a vacancy in the commission.    This appears to have been the view entertained by the learned judge at special term, and also of the corporation counsel, as he so states the fact in his moving affidavit.    The effect of this was, however, not to permit or to make it necessary for the remaining two commissioners to proceed with the case, and decide the matters pending before them, but to suspend all further proceedings until a new commissioner should be appointed in Judge Keogh's place.    The constitution provides that, where private property shall be taken for any public

42 N.Y.S.—41

use, the compensation to be made therefor, when not made by the state, shall be ascertained by a jury, or by not less than three commissioners appointed by a court of record, as shall be required by law. It was not competent, therefore, after January 1, 1896, for the remaining two commissioners to proceed in the matter; and, as no commissioner has ever been appointed in Judge Keogh's place, there has been no time since January 1, 1896, when the commission was constituted so that it could legally act upon the matters before it, or make any award as compensation to any of the owners of the land sought to be taken.

The statute under which the appellant was appointed prescribes that:

"In case of death, resignation, refusal or neglect to serve of any commissioner of appraisal, the remaining commissioner or commissioners shall, upon ten days' notice, to be given by advertisement in the newspapers designated in section seven, apply to the supreme court at a special term thereof," etc., "for the appointment of one or more commissioners to fill the vacancy or vacancies so occasioned." Laws 1883, c. 490, § 11.

The vacancy caused by Judge Keogh's election to the supreme court does not fall literally within this provision of the statute, and we are not prepared to say that it was the duty of the remaining two commissioners to make application for the appointment of his successor. But, assuming that it was their duty so to apply, it is not shown that this provision of the law was called to the appellant's attention, or that he had any knowledge of his duty in this respect; and his failure to apply to the court to have a new commissioner appointed in Judge Keogh's place was not made a ground for his removal in the order appealed from. The appellant is a layman, and we cannot presume that he was acquainted with the duty imposed upon him in this respect by the statute. Naturally, it would be the duty of the corporation counsel to point it out to him, or in some way bring it to his attention. The provision is an unusual one, and, in the absence of any testimony that the appellant willfully neglected his duty in this respect, his removal could not on this ground be sustained.

Therefore, inasmuch as since January 1, 1896, the commission has not been constituted so that the appellant and his colleague, Mr. Boyle, could legally proceed to decide any of the matters before them, or to make an award for the lands sought to be taken by this proceeding, we are of the opinion that his removal was improper, and that the order appealed from must be reversed.