In re LOW et al., Board of Rapid Transit R. R. Com'rs.

(Supreme Court, Special Term, Kings County.    June, 1910.)

1. EMINENT DOMAIN (§ 227*)—TAKING PROPERTY FOR CITY USE—COMMISSION-
ERS OF APPRAISAL—QUALIFICATION.

A commissioner of appraisal, in proceedings by New York City to ac-
quire property by eminent domain, will not be adjudged unfit to act be-
cause, as counsel for claimant in a previous condemnation proceeding by
the city, he contended that the commissioners, in arriving at a value to
be given to a property owner, should consider that he was forced to
sell his property, and allow him the very highest amount that the com-
missioners believed should be paid to him, in the absence of a showing
of bias on his part calculated to impair his impartiality; it being the
actual existence of bias of a commissioner, not a mere apprehension of
it, that will render him an unfit or improper person.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 581;
Dec. Dig. § 227.*]

2. EMINENT DOMAIN (§ 227*)—TAKING PROPERTY FOR CITY USE—COMMISSION-
ERS OF APPRAISAL—QUALIFICATION.

That such commissioner, or his law partner, has acted as counsel for
property owners in similar previous proceedings instituted by the city,
would not disqualify him, where the previous proceedings were distinct
from the proceeding before him as commissioner, and it is not claimed
that he was ever consulted relative to the particular matters which are
the subject of the proceeding before him.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 581;
Dec. Dig. § 227.*]

Application of Seth Low and others, constituting the Board of Rapid
Transit Railroad Commissioners of New York City, for the removal of
T. Ellet Hodgskin as commissioner of appraisal.    Motion denied.

Archibald R. Watson, Corp. Counsel.
Wingate & Cullen, for T. Ellet Hodgskin.
Wallace, Butler & Brown, for Mynderse Estate.
C. W. West, for Abbott Estate.

MARCUS, J.    This is an application for an order removing T. Ellet
Hodgskin as commissioner of appraisal on the ground that he is an
unfit person to serve as such commissioner.

In March, 1910, Mr. Hodgskin appeared before the commissioners
as counsel for the People's Trust Company, as trustee of the Lorillard
estate, in the Matter of Cleveland Place and Browne Street.    In his
argument on behalf of his client he said that some people entertained
the idea that when property is taken by condemnation the owner should
not receive what is a fair value, but should receive the lowest minimum
that it was possible to arrive at by any legal technicality.    In answer
to this he remarked:

"And therefore the commissioners, in arriving at a value to be given to
a property owner, must take into consideration that he is forced to sell his
property.    He must, whether he wants it or not, allow the city to have it,
and therefore he is entitled to the very highest amount that the commis-
sioners believe should be paid to him."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The use of such language by the counsel, though subject to criticism, was not intended, we believe, to convince or persuade the commissioners that in estimating the amount of damages it was their duty to go beyond the constitutional standard of fair and just compensation, or that they should disregard the weight of evidence, or solve all doubts in favor of the property owner, or that they should ignore established rules or principles of valuation, or make a wrong or unjust application of them to the evidence. However this may be, due allowance should be made for expressions used in the ardor of advocacy and in the heat of controversy. It is well understood that the arguments of counsel should be invariably taken cum grano salis. The advocate is justified in using all proper and legitimate means in behalf of his client, and he is not to be lightly condemned for adducing in condemnation proceedings arguments or propounding propositions of law in the truth or validity of which he does not implicitly believe, or is not entirely convinced. The court may become convinced, though the counsel is not. It is a matter of common occurrence for counsel to bring forward arguments and lay down propositions in which they have no faith, or but very little. But it does not necessarily follow that counsel, when afterwards acting in a judicial capacity, will adopt as law propositions urged by him at the bar. In other words, statements made by the advocate may not always be taken as his deliberate convictions.

The functions of an advocate and that of a judge or arbitrator are essentially different. In the one case he speaks on behalf of one party only, his client; in the other, he endeavors to determine controversies between man and man according to the dictates of his conscience and to the law and equities of the particular matter. As a judge he is at liberty to repudiate opinions formed or uttered as an advocate, and he cannot justly be accused of inconsistency on that account.

It should clearly appear, not only that bias or prejudice exists on the part of Mr. Hodgskin, but that it is of a character calculated to impair his impartiality and sway his judgment. An expression of opinion of so general a character, hastily uttered by him as counsel in a similar proceeding, is hardly sufficient to warrant the inference of bias, prejudice, or unfitness, especially when it is considered that he has served as a commissioner so many years without objection. And it is the actual existence of bias or prejudice on the part of the commissioner, not a mere apprehension of it by a party, that should render him an unfit or improper person. But we are unable to perceive that Mr. Hodgskin entertains any bias or prejudice against the city, or its attorney, that will tend in the slightest degree to warp or pervert his judgment in these proceedings. It would be most unreasonable and unjust to presume that, because of some ill feeling he may entertain against the attorney of a municipality, he will act prejudicially to the interests of the municipality or the taxpayers. And it is not contended that he is in any way biased in favor of these claimants, by reason of any interest or business or professional relationship.

It is also contended that because Mr. Hodgskin, or his partners, has acted as counsel for property owners in similar proceedings instituted by the city, he should be adjudged unfit to serve in these pro-

ceedings. We assume that, in those proceedings, he employed all proper means and exerted all his professional abilities to obtain for his client the highest possible amount of compensation. But it would be unfair to suppose or presume that the advocate, when acting in a quasi judicial capacity, will, in violation of his oath of office, endeavor to persuade his colleagues to disregard the standard of just compensation prescribed by the Constitution, in behalf of strangers. Mr. Watson states that the Matter of Livingston Street involved the same questions of law and items of damage as are involved in the present proceedings, and that Mr. Hodgskin appeared as counsel for property owners at various times between August 5, 1903, and May, 1906. It appears that in the case of the claimants Abbott, Notman, and Mynderse, after the evidence was closed in 1905, Commissioner Hodgskin ruled against the claimants upon important questions of law, and made report in December, 1905, and we assume he made the same rulings in other proceedings until December, 1908, when the Appellate Division set aside the commissioner's determination, and decided those questions in favor of the property owners. 128 App. Div. 103, 112 N. Y. Supp. 619. Surely this circumstance is sufficient to nullify any imputation of bias in favor of property owners, at least up to December, 1908.

A commissioner is not disqualified because of his appearing as counsel for other property owners in other proceedings; and, besides, the cases may not be identical. They may not involve substantially the same facts and issues. It is not pretended that he was ever consulted relative to the particular matters which are the subject of the proceeding before him. And the cases in which he appeared as counsel are entirely independent of, and cannot be affected by, any ruling he has made or may make in these proceedings. The validity of the commissioner's rulings are to be finally determined by the court, and each case must stand or fall by itself. And the amount of compensation that should be awarded in a particular matter must necessarily be determined with reference to the facts, circumstances, and conditions, without regard to what has been or may be awarded in other proceedings. The simple circumstance that Mr. Hodgskin has appeared as counsel for a person who owns land upon the line of improvement, in litigation with the city, affords no substantial reason why he cannot be impartial in other proceedings in which he is neither interested nor concerned.

In Matter of Southern Boulevard, 3 Abb. Prac. (N. S.) 447, 450, the court remarked:

"It may be added that the commissioner objected to did not act in the appraisement of his own land."

When the commissioners come to assess the compensation that should be awarded to property owners for whom Mr. Hodgskin has acted as counsel, the opportunity will then arise for determining whether he is a fit person to act in such a proceeding. Counsel for Mr. Hodgskin suggests that the two commissioners may proceed without him. But this is questionable. See Re Gilroy, 11 App. Div. 67, 42 N. Y. Supp. 640.

From a careful consideration of the entire matter, whatever first impressions may have been, the conclusion is reached that Mr. 'Hodgskin, upon the facts presented, should not be removed or regarded as "unfit." The proceedings that are ready to be finally submitted enter into this conclusion to some minor extent.

The corporation counsel should not be criticised for his effort to present to the court a situation regarded by him as questionable, and his full duty was performed in passing to the court the responsibility of disposing of the doubt. The court is impressed with the great delays in these proceedings arising from causes too numerous to specify, but in which the public in the end are the suffering ones, and urges upon this commission and parties in interest an expeditious course to the end of these proceedings, so that dissatisfaction with the length of time consumed in fixing awards cannot be laid at the door of the commissioners.

Motion denied, with costs.