In the Matter of the Application of the CITY OF ROCHESTER, Respondent, to Acquire Certain Lands Situate in the Town of Livonia, Livingston County, New York, Belonging to SARAH BARNES and Others, Appellants, and HARRY BRADLEY and MYRTLE W. BRADLEY, Defendants.

Fourth Department, May 3, 1918.

Constitutional law — eminent domain — municipal corporations — condemnation of land by city of Rochester — charter provision requiring one of the commissioners of appraisal to be a resident of the city is unconstitutional where lands outside the city are to be taken — failure of charter to give right to hearing — due process of law — jurisdiction of common council — right of appeal with added burden of giving bond.

Section 438 of the charter of the city of Rochester, requiring that at least one of the commissioners of appraisal to be appointed where lands are to be taken by said city by eminent domain shall be a resident and freeholder of said city, is unconstitutional in a case where lands outside the city limits are to be condemned, being in violation of the provision of the State Constitution clothing the court,with plenary power to appoint not less than three commissioners.

Moreover, said requirement of the city charter violates the equal protection clause of the Fourteenth Amendment to the Federal Constitution, where the landowners are not residents of Rochester and the lands sought to be condemned are not within the territorial limits of said city.

The common council of the city of Rochester is not authorized to legislate to affect lands beyond the territorial limits of the city, and hence has no power to determine the reasonable necessity for condemning lands outside the city for the city water supply. The provision of the charter permitting the common council to determine that question, and especially so to do without notice to the landowners, violates the due process of law provision in the Fourteenth Amendment to the Federal Constitution.

Moreover, the provisions of the charter of the city of Rochester relating to such condemnation of lands are unconstitutional in that they make no provision for the confirmation by a court of the report of the commissioners.

The provision in the charter that any person aggrieved by the report or award of the commissioners may appeal to the Appellate Division within thirty days after the confirmation by the common council does not give to landowners outside the city their constitutional right of due process of law, for the party appealing must give a bond in the penal sum of $1,000 conditioned for the diligent prosecution of the appeal and for the payment of costs which may be awarded against the appellant.

KRUSE, P. J., dissented.

APPEAL by Sarah Barnes and others, landowners, from the order or judgment of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 31st day of August, 1917, overruling their objections and appointing commissioners of appraisal herein.

*Robbins, Cheney, Phillips & Greene,* for the appellants Barnes and others.

*Charles Ward,* for the appellants Woodruff and others.

*Charles D. Newton,* guardian *ad litem,* for the appellants Rufus B. Scott and others.

*Benjamin B. Cunningham, Corporation Counsel* [*Arthur G. Dutcher* of counsel], for the respondent.

DE ANGELIS, J.:

This is a proceeding instituted by the city of Rochester to acquire certain lands in the town of Livonia, in the county of Livingston, by the right of eminent domain, for the protection of Hemlock lake which furnishes that city with its potable water.

Some of the owners of the property sought to be taken are residents of the county of Livingston and some residents of the county of Allegany.

Rochester is a city of the first class and its charter is chapter 755 of the Laws of 1907 with the several amendments thereto.

To the application of the corporation counsel of the city for the appointment of appraisal commissioners, the landowners, the appellants, interposed answers and therein raised certain objections to such appointment. The Special Term overruled the objections and made certain findings in connection therewith. The appellants filed exceptions to the findings. The order appointing the commissioners, based upon the findings and the papers upon which the application was was made, is here for review.

Although the Special Term was authorized to appoint three commissioners of appraisal who should be freeholders of the judicial district in which the real estate was situated (Code Civ. Proc. § 3369), section 438 of the charter required that " at least one " of the appointees should be a resident and freeholder of the city. This provision, indeed, authorized the

Special Term to appoint three commissioners all of whom might have been residents and freeholders of the city.

Article 5 of the charter confers upon the common council of the city large and comprehensive powers, legislative and otherwise, to be exercised in the administration of the affairs of the city. To a very considerable degree the common council may be said to be the city. The city is a party to this proceeding. This party determines the necessity for the acquisition of the lands by the city. (Charter, §§ 88, 89, 260, 266, 268, 436, 437, 438.) These landowners were given no hearing upon the question of the necessity for the taking of their lands, and no right to such a hearing was given them by the terms of the charter.

There is no provision in the charter for the confirmation by a court of the report of the commissioners, although there is such a provision in the General Condemnation Law. (Code Civ. Proc. § 3371.) Section 444 of the charter, as amended by chapter 384 of the Laws of 1911, is in part as follows:

" Confirmation of report. Upon receiving the report, the common council must assign a time for hearing objections to the confirmation thereof, and at the time assigned must hear the allegations of all persons interested who appear, and may take proof in relation thereto from time to time, and may confirm, disapprove or reject the report, and in case the report is rejected, the proceedings shall thereupon be abandoned and discontinued. * * * The rejection of the report is a bar for one year after the action of the common council but not thereafter, to the commencement by the city of a condemnation proceeding for the acquisition of the same lands, rights or easements."

Section 446 of the charter, as amended by chapter 384 of the Laws of 1911, is as follows:

"Appeal from award. Any person aggrieved by the report or award of the commissioners may within thirty days after the confirmation by the common council, appeal therefrom to the Appellate Division of the Supreme Court, and must file in the county clerk's office, with the notice of appeal, a bond executed by two or more sureties, approved by a judge of the Supreme Court or the county judge of Monroe county, in the penal sum of one thousand dollars, conditioned for the

diligent prosecution of the appeal and for the payment of all costs and charges which may be awarded against the appellant. The city within thirty days after the disapproval of the report by the common council may appeal therefrom to the Appellate Division of the Supreme Court. All the pertinent provisions of the Code of Civil Procedure relating to an appeal from an order, apply to an appeal taken as herein provided."

Section 447 of the charter is as follows:

" Power of court on appeal. On the hearing of an appeal the court may confirm or annul the award to any party or parties or to all of them, and may direct a rehearing before the same or new commissioners."

(1) We think that the requirement of this legislation that one of the commissioners should be a resident and freeholder of the city of Rochester was a violation of the provision of the State Constitution clothing the court with the plenary power to appoint not less than three commissioners. (Art. 1, § 7.)

The opinion shows that the learned justice presiding at the Special Term regarded this provision as an imperative direction and he accordingly appointed a resident and freeholder of the city one of the commissioners. It is carefully to be noted that this requirement is quite different from a permissive provision that such resident and freeholder might be so appointed. The learned justice at Special Term found authority for the limitation of the power of the court in the concluding language of the provision of the Constitution, to wit, "as shall be prescribed by law." We do not think that the framers of the Constitution by the use of this language intended to give to the Legislature the right to require the selection of a commissioner open to the criticism of not being fair and impartial between the parties. The language of the Constitution referred to must be read in the light of the context. Power was thereby conferred upon the Legislature to authorize the ascertainment of the amount of the compensation to be made for property taken by more than one method. The language of the Constitution is as follows: "When private property shall be taken for any public use, the compensation to be made therefor, when such compensation is not made by the State, shall be ascertained by a jury, or by the Supreme Court with or without a jury, but not with

a referee, or by not less than three commissioners appointed by a court of record, as shall be prescribed by law."

It seems clear to me that the words "as shall be prescribed by law" simply give the Legislature the authority in the legislation for condemnation to adopt one of the methods specified for ascertaining the damages.

(2) We also think that this requirement of the charter violated the equal protection provision in the Fourteenth Amendment to the Federal Constitution. The landowners are not residents of Rochester and the land sought is not within the territorial limits of Rochester. Why must a resident of Rochester be appointed and not a resident also where the land is located? We cannot see.

(3) The provision of the charter permitting the common council to determine the question whether or not there was a reasonable necessity for the acquisition for public use of the lands herein sought, and especially so to do without notice to the landowners, violates the due process provision of the Fourteenth Amendment to the Federal Constitution.

The city of Rochester cannot acquire lands beyond its territorial limits by the right of eminent domain unless there exists a reasonable necessity for the acquisition of such lands. The common council of the city of Rochester has no jurisdiction to determine the question of such reasonable necessity. It is argued that because the State Superintendent of Public Works may enter upon and appropriate lands in the State in some instances without any notice to the owners thereof, this provision of the charter is justified. But the jurisdiction of the State Superintendent of Public Works extends throughout the length and breadth of the State and he acts within his jurisdiction under long and well-established legislative authority. Not only that, but since the Constitution of 1846 (Art. 1, § 7), the State has been excepted from the obligation to resort to the procedure required by the Constitution in other cases. (Const. 1894, art. 1, § 7.) On the other hand, the jurisdiction of the common council of the city of Rochester is confined to the territorial limits of the city. The citizens of the town of Livonia where the lands sought to be taken herein are situated have no voice in electing the common council of the city of Rochester or in its governmental affairs. The

Fourth Department, May, 1918.          [Vol. 184.

common council has no authority to legislate to affect lands beyond the territorial limits of the city. It has no more right to legislate for that purpose than the Legislature has to legislate to affect lands beyond the territorial limits of the State. Neither has more rights in such case than any other owner of property has.

(4) The provision in the charter for the confirmation of the report of the commissioners violates section 1 of the Fourteenth Amendment to the Federal Constitution because it permits the city to deprive landowners of their property without due process of law.

Action upon such report resulting in the confirmation thereof or the reverse means nothing unless the tribunal authorized so to act acts judicially and impartially. In this legislation one of the parties to the litigation or its agent is empowered to act upon the report, that is, to confirm, disapprove or reject it. The assertion of the learned justice at the Special Term to the effect that the rights of the property owners are amply protected by the appeal authorized and the power of the court to review the proceedings and award, overlooks the burden imposed upon them to secure those rights. The charter requires the party appealing to give a bond executed by two or more sureties approved by a judge of the Supreme Court or the county judge of Monroe county in the penal sum of $1,000 for the diligent prosecution of the appeal and for the payment of all costs and charges which may be awarded against the appellant. If the right of appeal given in the charter was to be regarded as ample protection to the property rights of landowners, such right of appeal should have been given "so unhampered as to be freely enjoyed without regard to the ability of the property owners to give bail or pay costs." This legislation is condemned by the reasoning of the Court of Appeals in *People ex rel. Eckerson* v. *Trustees* (151 N. Y. 75).

(5) The provision in the charter for appeals violates section 1 of the Fourteenth Amendment of the Federal Constitution because it defeats the equal protection provision therein.

The common council is empowered to dispose of the report of the commissioners in three different ways, that is to say, it may (1) confirm, (2) disapprove, or (3) reject it. If the report

is confirmed any person aggrieved may appeal from the confirmation to the Appellate Division of the Supreme Court. The language is broad enough to allow the city to appeal, although it seems to be assumed by counsel that the city may not appeal in such case. There is common sense in this view, because with the right to disapprove or reject the report it does not seem reasonable that the common council, that is, the city or its agent, would confirm a report unless it was satisfactory to the city. If the common council *disapproves* the report, the city alone may appeal. But the mere fact that the common council disapproves the report does not show that the report is satisfactory to the landowner. The landowner may be aggrieved by the report notwithstanding the fact that the common council has disapproved it. So that we have one aggrieved party that may appeal, although the other party also aggrieved is not accorded such right. The learned justice at the Special Term suggests that the rights of the landowner may be protected on the appeal taken by the city. I think that is a mistaken view. But there is nothing requiring the city to appeal even though the common council disapproves the report. In case the common council should disapprove the report but take no appeal, the legislation affords no opportunity for the landowner to appeal. Probably in such a situation he could get relief in a court of equity, but why should legislation of such a nature be permitted to stand? The common council could reject the report and thereby end the proceeding forever without subjecting the city to costs or disbursements, and a new proceeding could not be begun for the period of one year. In case of such rejection the landowner is given no right to appeal. I think that such legislation so favoring one party as against another is a violation of the equal protection provision of the Fourteenth Amendment to the Federal Constitution.

It follows from the foregoing that the order appealed from should be reversed, with costs, and the proceeding dismissed, with costs.

All concurred, FOOTE, J., in result, except KRUSE, P. J., who dissented and voted for affirmance.

Order reversed, with costs, and proceeding dismissed, with costs.