Matter of the Application of THE BRONX PARKWAY COMMISSION, to Acquire Lands of the GRAMAN BUILD- ING COMPANY, INC., the BRONXVILLE CONSTRUCTION COMPANY, INC., and Others.

(Supreme Court, Westchester Special Term, December, 1919.)

Condemnation proceedings — powers and duties of commissioners — awards — Code Civ. Pro., § 3370.

> Under section 3370 of the Code of Civil Procedure, which requires that all the commissioners of appraisal appointed under the Condemnation Law shall view the premises and hear the proofs and allegations of the parties, an award of damages must be made by a majority of said commissioners at a meeting at which all are present.

> Where during a period of twenty months while condemnation proceedings were pending the chairman of the commission was absent from twenty-four hearings, at which witnesses were examined respecting the parcels of land to be taken, and it appears that after the close of the testimony the other two commissioners met in executive sessions and agreed upon and fixed the awards to be made, awards so made will be set aside and new commissioners appointed.

37

MOTION to set aside awards made by the commissioners of appraisal in condemnation proceedings.

Theodosius F. Stevens, for plaintiff.

Joseph S. Wood, for defendant.

TOMPKINS, J. On the 4th day of December, 1916, the commissioners of appraisal were appointed in this proceeding and on July 23, 1919, made their report by which awards, aggregating $67,859.15, were made for parcels Nos. 17, 28 and 33 on sheet 8 and parcels 36, 38, 44 and 45 on sheet 9 belonging to the Bronxville Construction Company, Inc., and the Graman Building Company, Inc.

On the coming in of the report, the plaintiff moved to set aside these awards on the ground that they are grossly excessive, while the owners ask to have them set aside on the ground that they are wholly inadequate and also because of the absence of one of the three commissioners from many meetings of the commission when testimony respecting these parcels was given, and from executive sessions when the testimony was considered, and the damages to be awarded were fixed.

Without expressing an opinion as to whether the awards are excessive or inadequate, I think they should be set aside and new commissioners appointed, on the ground that there has not been such a trial and determination of the matters in issue as is contemplated by the law and provided for by the Code of Civil Procedure. The chairman of the commission was absent during a period of twenty months while the proceeding was going on before the other two commissioners and thirty-five meetings were held at which he was not present, at twenty-four of which

testimony was taken; and all testimony relating to these parcels had been taken and the cases closed prior to May 5, 1919, when he again met with his colleagues at a meeting of the commission held on that day, at which meeting the record shows that Mr. Gantz, one of the plaintiff's counsel, made the following statement: " The Commissioners have had their executive sessions and have reported to me that they are ready, so far as this proceeding is concerned."

This statement, acquiesced in by the commissioners, would seem to indicate that two of the commissioners had met in executive sessions after the close of the testimony, and agreed upon and fixed the amounts of the awards that were to be made. That is the inference to be drawn from the statement of counsel as well as from the fact that the chairman of the commission had not met with his colleagues prior to that date, for about twenty months, and the record further shows that later, and on the 15th and 16th days of June, 1919, the chairman appeared at the office of the plaintiff where the hearings had been had, and the records were kept, and read the testimony that had been taken at the twenty-four hearings held during his absence, and the next month the three commissioners met and filed their report.

Section 3370 of the Code of Civil Procedure provides as follows, respecting the duties of commissioners of appraisal appointed under the Condemnation Law: " They shall view the premises described in the petition, and hear the proof and allegations of the parties, and reduce the testimony taken by them, if any, to writing, and after the testimony in each case is closed, they, or a majority of them, all being present, shall, without unnecessary delay ascertain and determine the compensation which ought justly to be

made by the plaintiff to the owners of the property appraised by them.''

It seems to me that this provision requires that all of the commissioners shall do two things, namely view the premises and hear the proofs and allegations of the parties, and while a majority may fix the compensation to be made, that must be done at a meeting at which all are present, and a failure of the commissioners to substantially comply with these requirements of the statute in my opinion invalidates any award that may be made by them. A slight or trifling deviation from the requirements of the law, or the failure of a commissioner to attend one or even a few of the hearings might well be overlooked on the theory that the absent member has kept in close touch with the proceedings, and has seen and knows the witnesses and has heard the greater part of their testimony, and has lost no important feature of the case by reason of his absence, but that, I think, cannot be said of this case where concededly the chairman of the commission was absent for a period of twenty months, while the proceedings were pending, and witnesses were being examined and testimony being taken, and where, on twenty-four different hearings at which witnesses were examined respecting these parcels, the chairman was absent.

Parties in a proceeding of this character are entitled to have their judges see the witnesses and hear their testimony and observe their manner upon the witness stand, and their conduct as witnesses, and it is not sufficient that a commissioner obtain all of his knowledge of the character of witnesses and the nature of their testimony from cold typewritten or printed pages; and the further undisputed fact that in May, 1919, the two commissioners who attended the hearings and heard all of the testimony were reported

by the plaintiff's counsel as having concluded their executive sessions, and being ready to make their report, seems to me to make it appear quite clearly that the owners of these parcels did not have the benefit of a full and complete trial and determination of the question of damages by three commissioners of appraisal.

" When the sovereign delegates the power to take the property of the citizen, all the prerequisites to the exercise of that power which have been prescribed, must be strictly observed and conformed to." *Matter of City of Buffalo,* 78 N. Y. 362.

In *Matter of Gilroy,* 11 App. Div. 65, the court said: " The effect of a vacancy in the commission of appraisal for land taken for a public use is to suspend all proceedings by the other two commissioners."

In *Matter of Brooklyn Elevated R. R. Co.,* 80 Hun, 355, it appeared that one of the commissioners was absent from every hearing, and sometimes two were absent, and much of the testimony was given before a single commissioner. The General Term of this department, in reviewing the order of the Special Term setting aside the report of the commissioners as to certain parcels, Presiding Justice Brown writing for the court, said: "A trial conducted as these were is a farce, and the misconduct of the commissioners deprived the reports of that respect which is always due to the determination of a judicial tribunal.  *  *  * A litigant ought not to be placed in the position where he is required to proceed with the trial in the absence of the judge. There is a sort of moral coercion in the suggestion that he do so which is opposed to our sense of justice. And gentlemen who are appointed to such responsible positions as commissioners to appraise the value of property taken by the State against the will of the owner should

devote to the trials the time and attention necessary to a fair and just consideration of the case or else resign."

In that case, there was a stipulation entered on the record that the testimony could be taken before two of the commissioners in the absence of the third, while in the case at bar there was no such stipulation.

The legislature intended that all three of the commissioners should view the premises, see the witnesses, hear their testimony, and meet together to consider such testimony and determine the damages to be awarded or the compensation to be made, and it was never intended that one commissioner might absent himself during practically the entire proceeding and then, after the close of all of the testimony, and in the absence of his colleagues, spend a few hours on two days reading the testimony, and upon that, base his conclusions respecting awards aggregating many thousands of dollars. The character, credibility, experience, and intelligence of the witnesses must have much to do with the fixing of damages in such a proceeding as this, and this can only be satisfactorily known from attendance upon the hearings and personal observation of the witnesses.

There is another matter that enters into this case that distinguishes it from the ordinary condemnation proceeding. The Bronx Parkway Act provides that in proceedings to acquire by condemnation lands situated in Westchester county, one of the commissioners of appraisal shall be a resident and freeholder of the city of New York, which is required under the act to pay the greater part of the awards and the expenses of the proceedings.

In *Matter of City of Rochester* v. *Holden,* 224 N. Y. 393, the Court of Appeals said: " The requirement that if the real estate is without the city

one of the three commissioners, at least, must be a resident and freeholder of the city of Rochester does not make for impartiality in determining the compensation. It suggests that one, at least, of the commissioners is expected, if not obligated, to heed and guard specially the interests of the city. * * * There are those of my brethren who are of the opinion that the requirement violates the declaration of the Federal Constitution that the state shall not deprive any person within its jurisdiction of the equal protection of the laws. While we do not so decide, we do hold that it is not commendable and, in the instant case, considered with other enactments, is not negligible.''

In that case, the award was set aside.

The absent chairman of this commission was a resident and freeholder of Westchester county, so that by adopting this view of the Court of Appeals and applying it to this case we have the commissioner who was a resident and taxpayer of the city of New York, one of the two active commissioners during the twenty months of the chairman's absence and in the executive sessions, instead of being one of three active members, and that fact strengthens the claim of the owners that they have not had such a trial and determination of the questions involved as they are entitled to have under the law.

In *Matter of Opening Riverside Avenue,* 83 Hun, 51, cited on plaintiff's brief, the General Term of the first department held that: '' The fact that one of the commissioners was not present at most of the hearings does not seem to invalidate the proceeding which was under sections 967 and 989, chapter 410 of the Laws of 1882,'' which was the charter of the city of New York, and said section 967 reads: '' In all and every case of the appointment of commissioners by the

Surrogate's Court, Bronx County, December, 1919.   [Vol. 109.

court aforesaid, for any of the purposes aforesaid, it shall be competent and lawful for any two of such said commissioners * * * to proceed to and execute * * * duties of their said appointment, and their acts shall be as valid and effectual as the acts of all the commissioners if they had acted therein * * * would have been.''

Here express authority was given for two of the commissioners to act in the absence of the third and this case for that reason cannot be considered an authority to support the plaintiff's contention.

For these reasons the awards of the commissioners will be set aside, and new commissioners appointed.

Ordered accordingly.