THE CITY OF OSWEGO, Appellant, Respondent, *v.* THE MONTCALM
DOCK COMPANY, INC., Respondent, Appellant.

Fourth Department, November 7, 1935.

*Harry C. Mizen, City Attorney,* for the appellant, respondent.

*J. P. O'Connor,* attorney [*A. S. Wright* of counsel], for the respondent, appellant.

SEARS, P. J.   In the harbor of the city of Oswego, as it existed when this condemnation proceeding was instituted in 1931, there existed an artificial island which the Federal government desired to remove in order to improve the harbor.   The city of Oswego, for the purpose of securing for the Federal government the right to remove this island, on March 30, 1931, instituted this proceeding under the provisions of the Condemnation Law, alleging in its petition the ownership of the island by the defendant.   The defendant at once interposed an answer to the petition which amounted to an admission of the allegations of the petition except those relating to value, and the day following that on which the proceeding was begun a judgment of condemnation was granted adjudging that the public use required the condemnation of the real propertly and that the plaintiff, upon the entry of the judgment, should become the owner of the premises with immediate right of permanent possession and occupation, and that either party might apply on five days' notice for the appointment of commissioners to ascertain the compensation to be paid to the owners for the premises so taken.   (Condemnation Law, § 13; Charter of City of Oswego [Laws of 1895, chap. 394], § 439, as amd. by Laws of 1923, chap. 192.)   There were findings of fact and conclusions of law separately stated in the decision on which this judgment was entered and among the findings of fact was included one to the effect that the defendant was the owner of the premises.   Instead of applying for commissioners as provided in the judgment just mentioned, a stipulation was entered into between the attorneys for the plaintiff and defendant which is in the following words: " It is hereby stipulated by and between the attorneys for the respective parties hereto that Crandall Melvin, Esq., of Syracuse, New York, be appointed sole Commissioner to assess the damages, if any, suffered by the Montcalm Dock Company, Inc., by reason of the taking by condemnation of certain of its lands by the City of Oswego, and that an order to this effect may be entered by either party, at any time, without notice." And on the 5th day of November, 1931, pursuant to this stipulation, an order was granted in the following words: " It is ordered that Crandall Melvin, Esq., of Syracuse, New York, a disinterested and competent free holder, be and hereby is appointed sole Commissioner of appraisal to ascertain and appraise the compensation to be made to the owners of and all persons interested in the premises

described in these proceedings, and to exercise and discharge all the powers and duties conferred upon commissioners by the Condemnation Law of the State of New York." Pursuant to this order the commissioner on the 12th day of November, 1931, began his hearings on the question of value. In the course of these hearings a question arose about the defendant's ownership of the island, and on the 7th day of December, 1931, a stipulation was entered into between the attorneys for the parties that the judgment of condemnation above referred to and the findings contained in the decision on which it was entered should be modified by eliminating therefrom the determination and finding that the defendant was the owner of the premises, and on this stipulation an order was granted on the 15th day of December, 1931, modifying the judgment and findings in accordance with the stipulation; on the same day an order entitled in this proceeding was entered by consent of the attorneys for the respective parties appointing Crandall Melvin referee, to hear, try and determine the question of what right, title or interest, if any, the defendant had in the lands, and providing further that the ascertainment and award of compensation should be made by him as commissioner only in the event that he found the defendant to have "such right, title or interest." The referee appointed by this order then proceeded to hear the proofs of the parties on the question of title, and such proof having been completed, without making a decision as to title, and over the objection and exception of the plaintiff, the commissioner directed the parties to proceed with the evidence as to the value of the property, which was done. The hearings were completed and on the 25th day of August, 1933, the referee made a decision in writing on the question of title in favor of the defendant and directed judgment entered to the effect that the defendant had title to the island in question, together with that part of the bed of the Oswego river on which it rested at the time this proceeding was instituted. On the 26th day of September, 1933, a judgment was entered in accordance with this decision. On the 17th day of July, 1933, the commissioner made his report to the Supreme Court awarding to the defendant the sum of $80,000 for the property mentioned in the petition and for all the defendant's right, title and interest therein. On the 23d day of December, 1933, a final order of condemnation (Condemnation Law, § 15) was entered awarding the defendant the sum of $80,000 as the value of the property condemned and providing for the payment by the plaintiff of the commissioner's allowance for services and expenses and for costs with an additional allowance.

It should also be stated, perhaps, that the city attorney of the city of Oswego who instituted this proceeding ceased to be attorney for the plaintiff on the 31st day of December, 1931, and a second city attorney represented the plaintiff in this proceeding from January 1, 1932, to December 31, 1933, since which latter date still another city attorney has represented the plaintiff.

A notice of appeal from the final order was in due season caused to be served by the plaintiff upon the attorney for the defendant. The notice of appeal contained the statement that the plaintiff would also bring up for review other previous judgments and orders including the original judgment of condemnation, the order to appoint Crandall Melvin sole commissioner, the order striking out and modifying the judgment and findings of fact as to title, the order appointing Crandall Melvin referee, to determine the question of title, the judgment on the question of title, and also an order denying a motion to vacate the judgment determining title.

The defendant's attorney having refused to accept the plaintiff's notice of appeal, a motion was made by the plaintiff to require its acceptance, and an order was granted directing the defendant to accept the notice of appeal. From this order the defendant has appealed.

This practice matter may be determined first. The charter of the city of Oswego provides that condemnation proceedings are to be taken under the Condemnation Law. The scope of an appeal from the final order in a condemnation proceeding is provided for in section 19 of the Condemnation Law. All the matters sought to be reviewed in this proceeding are subsequent to the judgment of condemnation except that judgment itself and section 19 of the Condemnation Law provides that " Such appeal [an appeal from the final order] will bring up for review all the proceedings subsequent to the judgment "— and even the judgment itself and proceedings antecedent thereto may be reviewed on such appeal if proper statement is made in the notice of appeal and exceptions have been duly filed. As the matters sought to be reviewed in this proceeding are the judgment of condemnation, which is specifically referred to in the notice and proceedings subsequent thereto, the defendant was properly required to accept the plaintiff's notice of appeal. (*Matter of City of Syracuse* v. *Eastman*, 230 App. Div. 522; *County of Orange* v. *Storm King Stone Co.*, 180 id. 208; *Matter of City of Rochester* [*In re Neun*], 102 id. 99.)

A condemnation proceeding is not a proper form of litigation for the trial of the title of property sought to be condemned. If objection had been taken by either party to the trial of title, it must have

been sustained. (*Matter of City of Yonkers*, 117 N. Y. 564; *City of Geneva* v. *Henson*, 195 id. 447.) In the present proceeding, however, the plaintiff in its original petition had alleged that the defendant had title to the property, but in the face of this allegation in the petition and of the judgment entered thereon, the plaintiff, itself, was desirous of contesting the defendant's title. Under these circumstances, the plaintiff cannot be heard to complain of procedural irregularity in this respect. The trial of title in a condemnation proceeding is only a procedural irregularity inasmuch as the determination of title is a subject within the general jurisdiction of the court. (*City of Geneva* v. *Henson, supra.*)

The record discloses no error in the decision of the referee as to the title. The referee's opinion is referred to for the facts. The grant and demise in perpetuity of 1853 to defendant's predecessors, confirmed by the statute of 1854, concededly covered all of the premises occupied by the island when this proceeding was instituted. The grant contained provisions for forfeiture in case of failure to pay the rent which was to be paid for fifteen years, but the rent reserved has been fully paid or compromised as appears by the confirming conveyance of 1870. We may concede that the title was subject to defeasance for breach of conditions subsequent, but no steps were taken by the city or State to forfeit the title, and until such steps were taken the title must be deemed well vested in the grantees or their assigns. The matter is fully covered in the opinion of Crandall Melvin, referee, and with the opinion we are in accord.

As to the ascertainment of compensation by a single commissioner, we find more than procedural error. The matter of determining value in a condemnation case is so important that the necessity for three determining commissioners, if the compensation is not to be found by a jury, or by the Supreme Court itself, is imbedded in our Constitution as well as in the statutes. (N. Y. Const. art. 1, § 7; Condemnation Law, § 13; *Menges* v. *City of Albany*, 56 N. Y. 374.) It is a salutary rule often repeated by the courts that statutes authorizing the taking of property by eminent domain must be strictly followed in all those respects that are vital to property rights. (*Matter of County of Erie* v. *Lancaster Dev. Co., Inc.*, 232 App. Div. 331; *Bell Telephone Co.* v. *Parker*, 187 N. Y. 299; *Schneider* v. *City of Rochester*, 160 id. 165.) In the vesting of the important function of the determination of compensation in a single individual, the order establishes a judicial agency not recognized, but even prohibited, by the fundamental law. There would be no question as to there being error in this matter were it not for the fact that the order was entered on the stipulation of the

city attorney of the city of Oswego, the plaintiff. A litigant may waive statutory and even constitutional provisions in his favor, and if so waived will be estopped from attacking the non-compliance with statute or constitution. (*Matter of Cooper*, 93 N. Y. 507; *Conde* v. *City of Schenectady*, 164 id. 258, 263.) But a party may not give jurisdiction to a court by mere stipulation. (*Oakley* v. *Aspinwall*, 3 N. Y. 547; *Matter of Caffrey*, 52 App. Div. 264; *Davids-burgh* v. *Knickerbocker Life Ins. Co.*, 90 N. Y. 526; *French* v. *Merrill*, 27 App. Div. 612.) We incline to the view that the constitutional statutory provision for three commissioners is jurisdictional and cannot be waived by the litigant so as to give authority to the commissioner to determine the damages or to the court to confirm his report. However, we prefer to put our decision upon the ground that the stipulation of the city attorney was not binding upon the plaintiff. We have here a constitutional and statutory provision for the benefit of the State and corporations vested with the right of eminent domain in the public interest on the one side and of the property owner on the other. It is essential that property owners should receive for their property taken from them in the public interest, fair compensation. It is essential, too, that the State or its agency, or the corporation intrusted with the right of eminent domain should be required to pay for property taken in the public interest only its fair value. To assure the right to both sides, the constitutional and statutory provisions have been enacted. (*Matter of City of Rochester*, 184 App. Div. 369; affd., 224 N. Y. 659; *People ex rel. Eckerson* v. *Trustees*, 151 id. 75.) The provisions are substantial and not merely formal. Definite express authority must be found to enable an attorney to waive so substantial a right if indeed it can be waived in any case. The authority of the city attorney of Oswego is expressed in the words of the charter, "It shall be his duty to prosecute and defend all civil actions and proceedings, by and against the said city, and every department thereof, and to perform such other professional services relating to said city as the mayor or common council shall direct." (Laws of 1895, chap. 394, § 102.) There are other provisions, but none of them gives to the city attorney power to waive substantial rights of the city. Nor is there any suggestion in the record that any special authority was given to the city attorney to stipulate that the proceeding should advance in a manner inhibited by the Constitution. Such, at least, would be necessary to support an action so unusual and extraordinary. (*Bush* v. *O'Brien*, 164 N. Y. 205; *People ex rel. Hart* v. *York*, 169 id. 452; *Hallow* v. *Hallow*, 200 App. Div. 642.)

We reach the conclusion, therefore, that the stipulation of the city attorney was ineffective as a waiver of the constitutional and statutory provisions; that the order entered thereon appointing a single commissioner was invalid and must be reversed, and with the reversal of this order there must fall the report of the commissioner ascertaining value, and the final order in condemnation.

The final order should be reversed on the law and order appointing commissioner to ascertain the compensation to be paid to the property owner should be reversed on the law, and report of commissioner set aside, and the other judgments and orders brought up for review, including the judgment of condemnation, the order appointing the referee to determine title, and the judgment entered on his decision, and the order denying the motion to set aside the judgment of condemnation should be affirmed, and the order requiring the acceptance of the plaintiff's notice of appeal should be affirmed, all without costs, and matter should be remitted to the Special Term to proceed to the ascertainment of compensation in accordance with the provisions of law.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Final order reversed on the law and order appointing commissioner to determine compensation reversed on the law and report set aside, and other judgments and orders brought up for review affirmed, and order denying motion to set aside order requiring acceptance of notice of appeal affirmed, all without costs, and matter remitted to the Special Term to ascertain the compensation in accordance with the law.