Harold T. Garrity, J.
Petitioners move for an order to direct the remaining two members of a Board of Commissioners to file the report of their proceedings. This court on October 17, 1956, appointed three commissioners to appraise and determine the compensation to be paid to the owners of some seven parcels of realty which the City of Mount Vernon desires to acquire for parking lots. The commissioners of appraisal, after duly qualifying, proceeded with due diligence, with their proceedings.
The petitioners herein are the owners of parcels 1A and IB, the parcels first considered by the commissioners. The hearings with respect thereto were concluded on November 9, 1956 and their unanimous report signed on November 30, 1956. The report, however, has not been filed. The petitioners consequently have no knowledge of the contents thereof. Subsequent to the execution of the report, one of the commissioners resigned.
The chairman contends that pursuant to section 14 of the Condemnation Law, the commissioners are not required to file their report until the testimony relating to all parcels is closed. The remaining parcels have not as yet been considered.
The court is cognizant that the chairman, an attorney, in taking his position is impelled by reasons of professional caution. Upon the oral argument of the instant motion, he informed the court that he was neither for nor against the motion but that he wished to be instructed by the court as to the proper course he is to follow in view of the construction he places upon the statute involved herein. He interprets the statute as denying him the power to file, there being no jurisdiction to add or subtract from Section 14.” It is further contended that the statute makes no provision for filing “ interim report or reports in stages ”.
The applicable provisions of section 14 of the Condemnation Law provide, with respect to the duties and powers of the commissioners, that they shall “ hear the proof and allegations of the parties, and reduce the testimony taken by them, if any, to writing, and after the testimony in each case is closed, they or a majority of them, all being present, shall, without unnecessary delay, ascertain and determine the compensation which *45 ought justly to be made by the plaintiff to the owners of the property appraised by them * * *. They shall make a report of their proceedings to the court which appointed them, with^ the minutes of the testimony taken by them, if any ” (italics supplied).
It is fundamental that the commissioners, until the report is signed and filed, have continuing jurisdiction and may change their report. After the report has been filed, however, they have no further jurisdiction in the matter. ‘‘ The effect of the filing by the commissioners is to terminate their power to hold further hearings on the matters contained in the report ” (Jahr on Eminent Domain, p. 390). With the resignation of one of the commissioners, it is abundantly clear that the report in which he concurred and signed is now beyond his competency. He cannot change the report. He is, in fact and in law, functus officio. It, therefore, follows under the unusual circumstances herein presented that the order should be granted.
We further hold that there is nothing in the language of section 14 — nor has it been otherwise so construed — to bar filing a report after the hearings have been concluded and the report signed with respect to a particular parcel among several parcels involved in a condemnation matter. The phrase “ after the testimony in each case is closed ’ ’ indicates, in our opinion, the legislative intent to consider each parcel to be in the nature of a separate proceeding. Any other construction would impugn the basic equity principle that each parcel of realty is unique.
We further hold that the State Legislature by virtue of section 26 of the statute, has conferred upon the court by this ‘ ‘ reserve power ’ ’ provision the requisite jurisdiction to grant the order herein requested.
Submit order on notice.