George F. X. McInerney, J.
Motion to confirm the final report of the Commissioners is denied. Three Commissioners had been appointed by this court pursuant to section 62 of the Suffolk County Improvement Act. (L. 1927, ch. 190, as amd.; L. 1945, ch. 746, as amd.; L. 1954, ch. 796.) Shortly after qualifying, one of the Commissioners resigned before any testimony had been taken. The two remaining Commissioners then proceeded to take testimony, relying on section 64 of the Suffolk County Improvement Act. The court finds that these hearings were of no effect and they and section 64 are both violative of article I (§ 7, subd. [b]) of the State Constitution: “When private property shall be taken for any public use, the compensation to be made therefor, when such compensation is not made by the state, shall be ascertained by a jury, or by the supreme court without a jury, but not with a referee other than an official referee, or by not less them three commissioners appointed by a court of record, as shall be prescribed by law.” (Italics supplied.) The provision is mandatory that there be not less than three Commissioners.
The court held in Matter of Gilroy (11 App. Div. 65), that the election of one Commissioner to a judgeship immediately disqualified him and the effect of this was to suspend all further proceedings until a new Commissioner should be appointed. Two Commissioners were not competent to proceed in the face of the constitutional provision.
In Matter of Mayor of City of New York (99 N. Y. 570) the court referred to the appointment of three Commissioners and stated that they are to take the oath of office and then proceed with due diligence to make a just and equitable estimate even though only a majority need act. All three of the Commissioners must have had the opportunity to make the appraisal.
The court stated in City of Oswego v. Montcalm Dock Co. (245 App. Div. 555, 559-560): “The matter of determining value in a condemnation case is so important that the necessity for three determining commissioners, if the compensation is not to be found by a jury, or by the Supreme Court itself, is imbedded in our Constitution as well as in the statutes. (N. Y. *378 Const., art. I, § 7; Condemnation Law, § 13; * * *) # * * the constitutional statutory provision for three commissioners is jurisdictional and cannot be waived by the litigant so as to give authority to the commissioner to determine the damages or to the court to confirm his report.”
While a majority may fix the compensation to be made, that must be done at a meeting at which all are present. (Matter of Bronx Parkway Comm., 109 Misc. 577. See, also, Matter of Brooklyn El. R. R. Co., 80 Hun 355.)