■ In the Matter of the COUNTY OF NASSAU, Respondent, Relative to Acquiring Title to Real Property for Drainage Purposes at Various Locations for Freeport Brook Drain. ALFRED T. DAVISON et al., as Executors of C. MILTON FOREMAN, Deceased, Appellants.— In a condemnation proceeding by the County of Nassau, in which the Commissioners of Estimate after hearings rendered their report on March 1, 1962, the claimants, as to Damage Parcels 16, 16 WE and 16 WE 1, appeal from an order of the County Court, Nassau County, entered March 15, 1962 on the court's decision, insofar as such order confirmed the Commissioners' report with respect to the awards made therein for said damage parcels. Order, insofar as appealed from, reversed on the law, with costs; motion to confirm the Commissioners' report insofar as it relates to said damage parcels denied; and proceeding remitted to the court below for further appropriate action not inconsistent herewith. No questions

of fact were considered. Because one of the three Commissioners of Estimate appointed by the court neither attended any of the hearings, nor subscribed the Commissioners' award, nor otherwise participated in determining the amount of the claimants' compensation, the county has conceded that reversal of the order confirming the report is required as a matter of law (N. Y. Const., art. I, §§ 6, 7; Condemnation Law, § 14; *Matter of City of Buffalo*, 78 N. Y. 362; *Menges* v. *City of Albany*, 56 N. Y. 374; *City of Oswego* v. *Montcalm Dock Co.*, 245 App. Div. 555; *Matter of Gilroy*, 11 App. Div. 65; *Matter of Brooklyn El. R. R.*, 80 Hun 355; *Matter of Bronx Parkway Comm.*, 109 Misc. 577; see *Matter of Mayor of City of New York*, 99 N. Y. 570, 579–580). Claimants' renewed motion to declare that their appeal has not been abandoned by lack of prosecution within six months after the filing of their notice of appeal, is granted. In our opinion, within the meaning of the Nassau County Administrative Code (§ 11–57.0, subd. [c]), the claimants timely prosecuted their appeal by attempting to prepare their record on appeal within the six months' period prescribed by the code. In this objective they were frustrated by the county's inability to provide them with exhibits which the county had introduced and which it had retained in its possession. In any event, under the circumstances presented, we would be constrained to grant claimants appropriate relief, *nunc pro tunc* (see *Matter of City of New York* [*Sound View Houses — A. F. & G. Realty Corp.*], 308 N. Y. 814; *Matter of City of New York* [*Jamaica Bay*], 250 App. Div. 20, mot. for lv. to app. den. 274 N. Y. 642). Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hopkins, JJ., concur.