■ NIAGARA MOHAWK POWER CORPORATION, Appellant, v ANTHONY RICCI et al., Respondents.—Order unanimously reversed, without costs, and matter remitted to Supreme Court, Herkimer County, for further proceedings in accordance with the following memorandum: In these condemnation proceedings Special Term denied plaintiff-appellant's motion to confirm the report of the commissioners upon the ground that the report was signed by only two commissioners and, therefore, was jurisdictionally defective. When the proceedings were originally commenced three commissioners were appointed. They heard the evidence, determined that plaintiff utility corporation should pay defendants-respondents $6,000 and subscribed and filed their report dated October 1, 1974. Plaintiff moved for confirmation and Special Term rejected the report on the ground that it failed to disclose the detailed elements considered by the commissioners in arriving at their award. The proceedings were remitted to the commissioners and they were given the right to take additional evidence if they deemed it necessary. The commissioners, without taking additional evidence, amended their report and disclosed their analyses of valuation in greater detail than in the original report. The amended report, dated March 31, 1975, made the same $6,000 award but it was signed by only two commissioners, the third commissioner having died in October, 1974. Respondents objected to the confirmation of the award on the grounds that it was "grossly inadequate" and furthermore it "is impossible to review because there is no factual finding of any kind contained in the award". Special Term, without considering the substance of the report, rejected it for the reason that it was signed by only two commissioners. The court appointed a third commissioner and remitted the matter to the commissioners for *de novo* consideration "to perform the duties imposed on them by Condemnation Law, § 14". Appellant contends that since all three commissioners had determined the amount of the award, it should be confirmed. Section 14 of the Condemna-

tion Law provides in pertinent part that "they, [commissioners] or a majority of them, all being present, shall, without unnecessary delay, ascertain and determine the compensation" (subd 1) and "shall make a report of their proceedings to the court" (subd 3). Thus, the only requirement is that "all" three be present and that an award be made by a "majority" of them. Upon the remission to the commissioners no new evidence was taken and no change was made in the amount awarded. The commissioners simply made a fuller explanation of the factors which all three commissioners considered when they unanimously made their first report. We have been unable to find a reported case which deals with a similar fact situation to the one at bar. In the interest of judicial economy effort should be made to avoid a rehearing when no substantial right is involved, as in the instant case. The court in *Matter of Mayor, etc., of City of NY* (99 NY 569, 580) asserted a test which we find applicable—is there evident an intent to evade or violate the statute, and if there is not we "deem it our duty to adopt a natural construction in consonance with what beyond any doubt was the legislative intention". The cases cited by Special Term in support of its order are distinguishable from the circumstances in the instant case. In *Matter of County of Nassau (Davidson)* (22 AD2d 928) the denial of confirmation was based on the fact that one of the commissioners neither attended any hearing nor subscribed to the award. In *Matter of Bronx Parkway Comm.* (109 Misc 577) the chairman of the commission was absent during a period of 20 months while testimony was being heard by the two other commissioners. In *Lake Shore Michigan Southern Ry. Co. v Mahle* (72 Misc 129, revd 158 App Div 889) a commissioner died while a hearing to take testimony was still pending. In *Matter of 100 Stevens Ave. Corp. v Stark* (6 Misc 2d 43) the court directed two commissioners who were in possession of a report to file it where the third commissioner resigned after signing it. While we agree that the Condemnation Law should be strictly followed *(City of Oswego v Montcalm Dock Co.,* 245 App Div 555), this principle should not exalt technicality over substance. Inasmuch as Special Term did not consider the substance of the report, we remit this case to Supreme Court, Herkimer County, for consideration of the merits of the commissioners' report. (Appeal from part of order of Herkimer Supreme Court in condemnation proceeding.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Del Vecchio, JJ.