LAKE SHORE & M. S. RY. CO. v. MAHLE et al.

(Supreme Court, Special Term, Erie County. March, 1911.)

EMINENT DOMAIN (§ 231*)—COMMISSIONERS TO TAKE PROPERTY—DECEASED COMMISSIONER.

Code Civ. Proc. § 3370, provides that, after the testimony in each case is closed, the three commissioners in condemnation proceedings or a majority of them, all being present, shall determine without unnecessary delay the compensation to be paid, etc. General Construction Law (Consol. Laws, c. 21) § 41, provides that, if one of such persons as are charged with a public duty shall have died, a majority of the whole number shall be a quorum, and that a majority of a quorum, if not less than a majority of the whole number of such persons, may perform such duty. *Held*, that two surviving commissioners in condemnation proceedings could continue the work of the commission after the death of one of them pending the hearing, though no such power is specified in the condemnation law.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 231.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Condemnation proceedings by the Lake Shore & Michigan Southern Railway Company against Jeremiah Mahle and another. Motion by plaintiff for the appointment of another commissioner in place of one deceased. Motion denied.

M. Spratt, for the motion.

A. B. Ottaway, opposed.

BROWN, J. By a judgment of condemnation three commissioners were appointed to appraise defendants' damages occasioned by plaintiff taking certain lands for railroad purposes. The three commissioners viewed the premises, and thereupon the plaintiff took possession and materially altered the conditions and situation of the same. Pending a hearing to take testimony, one commissioner died, and plaintiff moves for the appointment of a new commissioner in place of the decedent. The plaintiff contends that it is entitled to the judgment and opinion of three commissioners as to defendants' compensation. The defendants contend that an important item of their evidence is the general appearance, condition, and situation of the premises obtained by a view thereof by the commissioners; that, one commissioner having died, it is now impossible for a new commissioner to obtain that view; and that they would therefore be prejudiced by the appointment of a new commissioner. The defendants also contend that the surviving commissioners, being a majority of the original commission, have power and authority to complete the work of the commission, and that the appointment of a new commissioner is unnecessary for any purpose.

By section 27, 2 Rev. St. (1st Ed.) p. 555, pt. 3, c. 8, tit. 17, it was provided that, whenever three or more persons are authorized by law to perform any act, such authority may be exercised by a majority of such persons, upon a meeting of all the persons so empowered, unless special provision is otherwise made. In People v. Palmer, 52 N. Y. 83, the Court of Appeals, in discussing the effect of the death of one commissioner and the disqualification of another upon the power of the remaining three commissioners to act, said in referring to the above statute, "By death or disqualification of a portion of the commission the number of its members is reduced, and all do meet when all who are living and qualified to act come together," and the court held that a majority of the original commission could act, although the other commissioners had died or become disqualified.

It was held in Matter of Merriam, 84 N. Y. 609, that, where a body of officers are vested with authority to discharge public functions, death, absence, or disability of one of them does not deprive the remainder of the power, provided there is left a sufficient number to confer together, citing Gildersleve v. Board, 17 Abb. Prac. 206. In the Gildersleve Case the provision noted in the Matter of Merriam reads:

"Provided there is a sufficient number to confer together, and, in view of the possibility of division of opinion, to decide upon what course is to be adopted; and if the power is confided to two persons, and one of them dies, the other cannot act alone (Pell v. Ulmar, 21 Barb. 500), because there can be no conferring together in such a case. * * * If the public duty is in-

trusted to three, and one dies or is disqualified, I doubt if the others can act alone, as, in the event of division of opinion, there can be no decision."

The doubt suggested of the power of two surviving commissioners to act, because of the possibility of their disagreeing, is removed by the provision of section 3370 of the Code of Civil Procedure, which provides:

"After the testimony in each case is closed they (the three commissioners), or a majority of them, all being present, shall, without unnecessary delay ascertain and determine the compensation which ought justly to be made by the plaintiff to the owners of the property appraised by them."

It thus appears that a majority of three commissioners may act, all being present. If the statute means all three commissioners being present, then the surviving commissioners cannot act. If the statute means, as was stated in People v. Palmer, 52 N. Y. 83, that only those who are living are required to meet, then the two surviving commissioners can act. The apparent difficulty is easily solved by reference to section 41 of the general construction law (Consol. Laws, c. 21), wherein it is provided that, if one of such persons charged with a public duty shall have died, a majority of the whole number of such persons shall be a quorum of such body, and a majority of a quorum, if not less than a majority of the whole number of such persons, may perform and exercise such duty. So it appears that the two surviving commissioners have ample power to continue the work of the commission. There is no power specified in the condemnation law for the appointment of a successor to a deceased commissioner, and under the authorities above cited there is no necessity therefor.

Motion denied.