ADOLPH A. MOLL and Others, Plaintiffs, *v.* CITY OF LOCKPORT and Others, Defendants.

Supreme Court, Niagara Special Term, May, 1922.

Health — resolution of board of health of city of Lockport that only grade " A " milk should be sold is authorized by the charter and is reasonable and not unconstitutional — such resolution must be passed by a majority of the whole board — injunction — Public Health Law, § 20.

In an action to enjoin the city of Lockport from enforcing a resolution of its board of health to the effect that no milk other than certified grade " A " raw and grade " A " pasteurized be offered for sale in the city after a specified future date, *held*, that the board of health under the city charter (Laws of 1911, chap. 870, § 312) is authorized to pass such a resolution, and the same was both reasonable and constitutional.

Where the five members of the board of health which passed said resolution, other than the mayor, one member having resigned, were all nominated by the mayor in communications to the common council duly assembled, each communication being entered in the official minutes, read to and approved by the common council, there was a sufficient " appointment by the common council " of said board of health under section 20 of the Public Health Law.

Under section 41 of the General Construction Law the board of health at the time of the adoption of the resolution was lawfully composed of six members, including the mayor. *Held*, that four affirmative votes were required to legally pass the resolution and that its adoption by a three to one vote was ineffective.

An injunction *pendente lite* continued, and a motion to dismiss the complaint denied, with costs.

MOTION for an injunction *pendente lite*.

*Roy H. Ernest*, for plaintiffs.

*Donald S. Moore*, for defendants.

TAYLOR, J. The plaintiffs bring this action in general to enjoin the defendants from enforcing a resolution of the board of health of the city of Lockport, adopted March 10, 1922. Plaintiffs also make this motion to enjoin the defendants *pendente lite* from enforcing said resolution. The resolution reads as follows:

" *Resolved*, that no milk other than certified, Grade ' A ' Raw and Grade ' A ' Pasteurized be offered for sale in the City of Lockport, New York, after May 31, 1922."

Plaintiffs assert that the injunction should be granted for the three following reasons:

1. That the resolution is unconstitutional, unreasonable and discriminatory.

2. That the said board of health when it passed said resolution was not a legally constituted body.

3. That the said resolution was not passed by a lawful majority of said board.

I will take up these points in order. I have no doubt that ample authority is given to said board of health to pass this resolution by the charter of the city of Lockport. Laws of 1911, chap. 870, § 312. As to the general authority of said board and the propriety, reasonableness and constitutionality of said resolution I believe myself bound by the unreported opinion of Justice Morschauser in *People ex rel. Ogden* v. *McGowan*. I fully concur in this opinion, the order based upon which was unanimously affirmed by the Appellate Division, Second Department. 200 App. Div. 836.

In the instant case a reading of the last two sentences of section 11 and section 310 of the said charter of the city of Lockport makes it clear to me that the board of health in that city is to be appointed according to the Public Health Law. Said section 11 provides for the appointment of certain city officials by the mayor. Then it says: " Other officers may be appointed as provided in this act, or otherwise by law." And while this section continues as follows: " All officers of said city, whose election or appointment is not herein provided for, shall be appointed by the mayor," section 310 of said charter states that: " There shall be a board of health in the city constituted and appointed as provided by the public health law." There seems to be no question that this appointment is thereby " provided in this act," and, therefore, should not be made by the mayor.

Next comes the question whether the Lockport board of health was legally in existence. Section 20 of the Public Health Law says in part that the board of health shall consist of the mayor of the city and at least six other persons who shall be appointed by the common council upon the nomination of the mayor. The undisputed affidavit of City Clerk Preish shows that the five (only) members of the Lockport board, other than the mayor (one member having resigned), were all nominated by the mayor in various communications to the common council duly assembled, each of which communications was entered in the official minutes and read to and approved by the common council. I hold this

to have been a sufficient " appointment by the common council " under the said section of the Public Health Law.

Lastly, comes the question whether a three to one vote of the board of health in favor of the resolution in question was a legal enactment thereof. Much has been written by our appellate judges concerning quorums and empowered majorities of boards and other groups authorized to act for the public. Particularly have I considered the old cases of *People ex rel. Henry* v. *Nostrand*, 46 N. Y. 375; *Vermilyea* v. *Palmer*, 52 id. 471; *People ex rel. Howlett* v. *Mayor*, 63 id. 291, and the opinion in *Lake Shore & M. S. Ry. Co.* v. *Mahle*, 72 Misc. Rep. 129; revd., 158 App. Div. 889. But after all, in the case at bar, I have but to construe section 41 of the General Construction Law. This controls, there being no resolution or other statute especially applying. Said section 41 reads as follows: " Whenever three or more public officers are given any power or authority, or three or more persons are charged with any public duty to be performed or exercised by them jointly or as a board or similar body, a majority of all such persons or officers at a meeting duly held at a time fixed by law, or by any by-law duly adopted by such board or body, or at any duly adjourned meeting of such meeting, or at any meeting duly held upon reasonable notice to all of them, may perform and exercise such power, authority or duty, and if one or more of such persons or officers shall have died or have become mentally incapable of acting, or shall refuse or neglect to attend any such meeting, a majority of the whole number of such persons or officers shall be a quorum of such board or body, and a majority of a quorum, if not less than a majority of the whole number of such persons or officers may perform and exercise any such power, authority or duty."

I cannot help concluding that the latter part of the section refers back to and controls the first part thereof as to what are quorums and working majorities and for this reason: The framers of the statute evidently intended to specify all possible causes of deficiency in number of board members when they mentioned such members who had died or become mentally incapable of acting or who refused or neglected to attend any meeting. For these classes contemplate absence, both permanent and temporary. And while a case of resigning is not particularly mentioned it must be held to be fairly included; for a vacancy caused by death is doubtless just as permanent and important as one created by resignation — and no reason can be seen by me why the one form of deprivation should be named and the other for any good reason left out. Therefore, I conclude that, reading the whole section together, the Lockport board of health when the resolution in question was

passed was lawfully composed of six members, including the mayor; that a majority thereof (four or more) constituted a quorum capable of lawfully exercising every "power, authority or duty;" but that the legislature made it essential that the enactment of any such resolution as the one before me must be brought about by the favorable vote of not only a majority of a quorum but such a majority that it was at least "a majority of the whole" constituted board. And three members only favored the resolution in question when four favorable votes were necessary.

The principle invoked by the defendants that acts of *de facto* officers are valid has no bearing, whether the Lockport board of health as constituted was a *de facto* or *de jure* body; for four affirmative votes were required under the circumstances to legally pass the resolution in any case.

Hence, while I fully concur with the contention of the defendants that private rights, trade or otherwise, must yield to the public good whenever the public safety or health is threatened or endangered — still, for the reason given I must order that this injunction be continued until the further order of the court. I also deny the motion to dismiss the complaint. I award ten dollars costs to the plaintiffs.

Ordered accordingly.