In the Matter of the Application of the BOARD OF SUPERVISORS OF SULLIVAN COUNTY, NEW YORK, to Acquire Land by Condemnation for the Reconstruction of the Bloomingburg-Monticello Part 2, State Highway No. 5457, with Federal Aid Project No. ——, Sullivan County, and Bloomingburg-Monticello Part 2, State Highway No. 5457-A, with Federal Aid Project No. ——, Sullivan County.

Supreme Court, Sullivan County, December 19, 1931.

*John D. Lyons* [*Nellie Childs Smith* of counsel], for the petitioner.

*Wiess & Costa*, for the claimants Zaarch, Sawitz and Goldstein.

*Edward F. Ryan*, for the claimant McKee.

*Ellsworth Baker*, for the claimant Gobel.

*Watts, Oakes & Bright* [*Martin Rosenblum* of counsel], for the claimants Wanasink Lake Corporation and Orange County Trust Company.

FOSTER, J. Several owners object to the confirmation of the report for various reasons, one of which is that William A. Williams, a member of the commission, died before that body completed its appraisals and that no application was made to the court under section 151 of the Highway Law (as amd. by Laws of 1927, chap. 88) for the appointment of another commissioner to fill the vacancy.

The petitioner urges that the appointment of another commissioner was not mandatory, and that under section 41 of the General Construction Law, the two commissioners remaining were empowered to complete the appraisals and present a report. Similar reasoning in the case of *Lake Shore & Michigan Southern Railway Co.* v. *Mahle* (72 Misc. 129) was rejected by the Appellate Division of this department (158 App. Div. 889).

It would seem that the proper construction of this section is, that the discretion therein provided is vested in the court and not in the petitioner or the commission. It can hardly be questioned that the Legislature intended that three disinterested persons should act as commissioners of appraisal where land is taken for the public use. In conformity with this construction, and for the reasons given I decline to confirm the report as to the parcels in controversy, and direct the appointment of J. Maxwell Knapp, of Hurleyville, N. Y., as a commissioner of appraisal in place and stead of William A. Williams, deceased. It is further directed that the proceeding with relation to those parcels be remitted to the commission as constituted anew for further consideration.

As to the appraisal of those parcels to which no objection has been taken, the report is confirmed.

Orders may be entered accordingly.