### In re PIER OLD NO. 51, EAST RIVER.

#### CITY OF NEW YORK v. HARLEM RIVER & P. R. CO.

(Supreme Court, Appellate Division, First Department. June 28, 1912.)

MUNICIPAL CORPORATIONS (§ 321.*)—STREET OPENING—APPEAL—DISMISSAL.

Under Greater New York Charter (Laws 1901, c. 466) § 988, as amended by Laws 1906, c. 658, § 14, providing that an appeal in proceedings for the opening of a street, not prosecuted within six months after the filing of notice, unless the time shall have been extended, shall be deemed to have been abandoned, and that no agreement between the parties shall vary the rule, an appeal not prosecuted for more than a year after the filing of notice is deemed abandoned, even though the respondent neglected to consent to the settlement of the papers on which it might be heard.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 837–840; Dec. Dig. § 321.*]

In the matter of Pier Old No. 51, East River. On the motion of the City of New York to dismiss the appeal of the Harlem River & P. Railroad Company. Appeal dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Archibald R. Watson, Corp. Counsel, of New York City, for the motion.

Benjamin Trapnell, of New York City, opposed.

PER CURIAM. By section 988 of the charter, as amended by Laws 1906, c. 658, § 14, it is provided that—

"an appeal taken but not prosecuted within six months after the filing of the notice of the appeal, unless the time within which to prosecute the same shall have been extended by the court, shall be deemed to have been abandoned and no agreement between the parties extending the time within which the said appeals may be prosecuted shall vary the provisions hereof."

This provision, requiring such an appeal to be prosecuted, is not complied with by merely filing the notice of appeal. The evident intent was that the appellant should have the appeal in such a condition that it can be heard within the time fixed. If an agreement between the parties is not sufficient to justify a continuance of the appeal, certainly the neglect of the respondent to consent to the set-

tlement of the papers upon which the appeal is to be heard cannot have that effect. There is nothing in the affidavit of the appellant's attorneys to show that he was not fully conversant with this provision, and the only excuse is that the corporation counsel did not return the galley proof of the papers to be used on the appeal, as he had prepared them for a year and a half, which is obviously no excuse.

The time within which to prosecute this appeal has not been extended by an order of the court. The appeal was taken more than two years and a half ago, and the provision of the section of the charter to which attention has been called is mandatory. For that reason the appeal should be dismissed.

Motion to dismiss appeal granted, with $10 costs.