In the Matter of the Application of THE CITY OF NEW YORK, Acting By and Through the Commissioner of Docks, Relative to Acquiring Right and Title to and Possession of Certain Lands, Lands under Water and Lands under Water Filled in, That Are Not Now Owned by The City of New York, Together with the Riparian, Franchise and Incorporeal Rights Appurtenant to Such Lands Situated Along the Northerly Shore of Jamaica Bay, in the Boroughs of Brooklyn and Queens in The City of New York, between the Westerly Side of Byrne Place, at Canarsie, in the Borough of Brooklyn, and the Westerly Side of Right of Way of Long Island Railroad (Rockaway Division) at Hamilton Beach, in the Borough of Queens, for the Improvement of the Waterfront of The City of New York, Pursuant to a Plan Heretofore Determined upon by the Commissioner of Docks and Approved by the Commissioners of the Sinking Fund (Parcels 4 to 9, inclusive).

THE CITY OF NEW YORK, Appellant; FREDERICK C. SCHEPPERLE and Others, Respondents.

Second Department, February 11, 1937.

*Christopher W. Wilson* of counsel [*Truman H. Baldwin & Sons,* attorneys], for motion.

*Philip W. Haberman, Jr., Assistant Corporation Counsel [Paul Windels, Corporation Counsel],* opposed.

JOHNSTON, J. Respondents — claimants in this condemnation proceeding — move for an order declaring the appeal taken by the city of New York from the fifth supplemental, separate and partial final decree abandoned and for the dismissal of the appeal. The motion is made pursuant to the provisions of section 995 of the Greater New York Charter, which in part reads as follows: " An appeal taken but not prosecuted within six months after the filing of the notice of appeal, unless the time within which to prosecute the same shall have been extended by an order of the court, shall be deemed to have been abandoned and no agreement between the parties extending the time within which the said appeal may be prosecuted shall vary the provisions hereof."

The decree was entered May 19, 1936. Notice of appeal was served and filed June 2, 1936. The six-month period after the filing of the notice of appeal expired on December 2, 1936. Written stipulations extending the city's time to print, serve and file the record on appeal were signed by the attorneys for the respondents. No order extending the time within which to prosecute the appeal was made until January 11, 1937, when an *ex parte* order, reciting that it was made on consent of respondents' attorneys, was entered extending the time of the city to print, serve and file the record to and including January 25, 1937. The order further provided " that the extension granted herein * * * is *nunc pro tunc* as of

December 1, 1936." Respondents did not move to vacate or resettle this order. On January 25, 1937, upon notice to respondents, another order was entered further extending the city's time to and including February 25, 1937.

Respondents contend, as no order was made prior to December 2, 1936, when the six-month period expired, that the motion to declare the appeal abandoned must be granted. While under the statute no agreement between the parties extending the time within which an appeal may be prosecuted is effective, the statute does not state that in the absence of an order the appeal is abandoned. It provides only that the appeal " shall be deemed to have been abandoned." In our opinion, the court, after the expiration of the six-month period specified in the statute, may, in a proper case and in the exercise of discretion, permit the prosecution of the appeal. The identical words used in the charter are contained in section 535 of the Code of Criminal Procedure (as amd. by Laws of 1926, chap. 464). That statute provides that an appeal must be brought on for argument within ninety days after the service of the notice of appeal, unless the court for good cause shown shall enlarge the time for that purpose. It further provides that " If the court do not enlarge the time for argument of the appeal, and the argument thereof shall not have been had within the said ninety days, * * * the said appeal shall be deemed to have been abandoned and an order dismissing the same shall be forthwith entered by the court without notice." In construing a similar provision in section 536 of the Code of Criminal Procedure (as amd. by Laws of 1926, chap. 464) it was held the court may, in a proper case and in the exercise of discretion, in order to prevent a dismissal, enlarge the time to bring the case on for argument after it has expired. (*People* v. *Cowan*, 245 N. Y. 532.) The same may be said of the court's power in the instant case. We recognize that the Appellate Division in the First Department has held the provision in the charter is mandatory (*Matter of Pier* [*Old*] *No. 51*, 151 App. Div. 659; *Matter of City of New York* [*Cruger Ave.*], 158 id. 912), but, with due respect, we hold to the contrary.

The motion should be denied, without costs.

Present — LAZANSKY, P. J., HAGARTY, DAVIS, JOHNSTON and CLOSE, JJ.

Motion to declare the appeal by the city of New York abandoned, pursuant to section 995 of the Greater New York Charter, and to dismiss the appeal, denied, without costs.